UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SHAWN CALDWELL,

                Plaintiff,

        v.

COMMISSIONER of Social Security,

                Defendant.

3:10-cv-06039 -ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Shawn Caldwell, filed this action against defendant, Commissioner of the Social Security Administration, seeking review of the Commissioner's decision denying his request for Disability Insurance Benefits ("DIB") and social security income ("SSI") based on fibromyalgia and other problems. After plaintiff filed an opening brief, the Commissioner stipulated to a remand for further proceedings pursuant to sentence four of 42 USC § 405(g) (docket # 23). On February 16, 2011, Judge Ancer L. Haggerty entered a Judgment granting the stipulation for remand (docket # 24).

1 - FINDINGS AND RECOMMENDATION

On March 9, 2010, plaintiff's attorneys filed a Stipulated Application for Fees Pursuant to the Equal Access to Justice Act ("EAJA") in the sum of $4,066.74 (docket # 25).  The court granted that application on March 10, 2011 (docket # 27).

On April 11, 2012, plaintiff's attorneys filed an Unopposed Motion for Attorney Fees Pursuant to 42 USC § 406(b) (docket # 28), seeking fees in the sum of $16,184.24 (about 23% of the retroactive benefits awarded) minus the EAJA fees of $4,066.74 previously paid, for a total of $12,117.50.  The Commissioner has filed no response to this motion.[1]  For the reasons set forth below, that motion should be granted.

## LEGAL STANDARD

In Social Security cases, attorney fees may be awarded under both the EAJA and 42 USC § 406(b).  Congress enacted the EAJA in 1980 to permit recovery of attorney fees in those cases where "the Government's position in the litigation was not 'substantially justified.'"  *Gisbrecht v. Barnhart*, 535 US 789, 796 (2002), citing 28 USC § 2412(d)(1)(A).  EAJA fees are determined by the time spent multiplied by a capped hourly rate.  *Id*, citing 28 USC § 2412(d)(2)(A).  In contrast, pursuant to § 406(b)(1)(A), "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  Such fee awards are paid from a claimant's retroactive benefits award.  *Id*.  In attorney fee motions under § 406(b), the real party in interest is the attorney, not the claimant.  *Id* at 798 n6.  An attorney receiving a § 406(b) fee award may not seek any other compensation from a claimant.  *Id* at 796.  Accordingly, when a court approves both an EAJA fee and a § 406(b) fee, the claimant's attorney must refund to the claimant the smaller amount of the two awards.  *Id*.

---

[1]  The Commissioner has no reason to oppose an attorney fee request under § 406(b) since any fee awarded will be paid by the claimant from the benefits awarded.

The § 406(b) fee is not determined by the lodestar method which governs fee-shifting disputes. *Id* at 800-01. Instead, contingency fee agreements not exceeding 25% of the claimant's retroactive benefits are enforceable under § 406(b) subject only to the court's review "to assure that they yield reasonable results in particular cases." *Id* at 807. The claimant's attorney bears the burden to establish the reasonableness of the fee. *Id.*

The Ninth Circuit has articulated four factors derived from *Gisbrecht* that district courts should use in determining whether a reduction from the contingent fee agreement is appropriate:

1. the character of the representation, specifically, whether the representation was "substandard;"

2. the results the representative achieved;

3. any delay attributable to the attorney seeking the fee; and

4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford v. Astrue*, 586 F3d 1142, 1151-53 (9th Cir 2009).

In other words, the court is empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Id* at 1151, citing *Gisbrecht*, 535 US at 808.

## **FINDINGS**

### I.    **Contingency Fee Agreement**

The first step in the *Gisbrecht* analysis is to examine the contingent fee agreement to determine if it is within the statutory 25% ceiling of § 406(b). On March 17, 2010, plaintiff signed a contingent fee agreement which provides for payment of a fee to his attorneys equal to 25% of any past-due benefits awarded. Plaintiff's Memorandum, Ex. 3 (docket # 29-3). This

falls within the statutory limits, and the record reveals "no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement." *Crawford,* 586 F3d at 1151.

The next step is to confirm that the requested fee does not exceed the 25% ceiling of § 406(b). Plaintiff's attorneys have submitted a Notice of Award dated March 13, 2012, for past-due benefits from December 2005 through September 2011 in the sum of $72,470.00. Plaintiff's Memorandum, Ex. 5 (docket # 29-5). This award reveals that the Commissioner has withheld 25%, or $18,117.50, for payment of any attorney fees awarded by the court. The attorney fees requested by plaintiff are slightly less than 25% of the benefits awarded.

## II.   Reasonableness Determination

### A.    Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Gisbrecht*, 535 US at 808; *Crawford*, 586 F3d at 1151. As an example of substandard representation, *Gisbrecht* cites *Lewis v. Sec'y of Health and Human Servs.*, 707 F2d 246 (6th Cir 1983). *Lewis* considered the counsel's poor preparation for hearings, failures to meet briefing deadlines, submissions of court documents void of legal citations, and misconduct in overbilling the claimant to amount to substandard representation. *Lewis*, 707 F2d at 248-50. The record does not suggest that the performance by plaintiff's attorneys was substandard. The opening brief filed in this court contained a thorough and persuasive analysis of the legal errors committed by the ALJ. Thus, no reduction is warranted due to the character of the representation.

///

///

///

4 - FINDINGS AND RECOMMENDATION

B.    **Results Achieved**

As a result of the efforts of plaintiff's attorneys, this case was remanded for further

proceedings, resulting in an award of benefits.  However, an award of benefits should not be

viewed in isolation or always presumed to require a fee award of 25% of a claimant's retroactive

benefits award.

> If obtaining benefits always supported awarding fees for the full twenty-five
> percent, it would make  irrelevant the other *Gisbrecht* factors and render
> perfunctory the trial courts' assigned task of "making reasonableness
> determinations in a wide variety of contexts[.]"

*Dunnigan v. Astrue*, No. 07-CV-1645-AC, 2009 WL 6067058, at *12 (D Or Dec. 23, 2009),

quoting *Gisbrecht*, 535 US at 808.

C.    **Dilatoriness**

A § 406(b) fee award may be reduced for delays in the proceedings attributable to the

claimant's attorney.  *Gisbrecht*, 535 US at 808; *Crawford*, 586 F3d at 1151.  This reduction is

appropriate "so that the attorney will not profit from the accumulation of benefits during the

pendency of the case in court."  *Gisbrecht*, 535 US at 808 (citation omitted).

Due to a heavy workload and sickness, plaintiff's attorneys sought two unopposed

requests for extensions of time to file the opening brief for a total of 40 days (dockets # 13 &

# 16).  These extensions of time are not excessive and do not suggest any intent to unnecessarily

delay the proceedings in order to maximize the attorney's fee award.  Thus, no deduction for

delay is warranted.

D.    **Proportionality of Benefits Awarded to Time Spent**

A § 406(b) fee award may be reduced if the benefits awarded to the claimant "are not in

proportion to the time spent on the case" by the claimant's attorney.  *Crawford*, 586 F3d at 1151,

citing *Gisbrecht*, 535 US at 808.  In that regard, the court may consider the records of time

incurred by the attorney and a statement of the attorney's normal hourly fee in non-contingent matters.

According to the time records submitted (docket # 29-1), plaintiff's attorneys (Brent Wells and Alan Graf) expended a total of 23.65 hours (including .8 hour in legal assistant time) in connection with this matter.  The opening brief of 12 pages addressed several alleged errors. Based on a review of that brief and the issues raised, the number of total hours spent on this case is not inherently unreasonable.  As Judge Mosman observed in *Harden v. Comm'r*, 497 F Supp2d 1214, 1215 (D Or 2007), "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a Social Security case that does not present particular difficulty" (citing cases).  He concluded that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable."  *Id* at 1216.  *See also Gill v. Comm'r*, 07-CV-812-HU (D Or Dec. 10, 2008).  Although this case did not present issues that were either unusual or complex and did not require the filing of a reply brief, the number of hours expended is reasonable.

The award requested by plaintiff's attorneys of $16,184.24 results in an effective hourly rate of about $684.32.  One of plaintiff's attorneys, Mr. Graf, who incurred most of the time, states that he mostly takes cases on a contingent basis, but has a regular billing rate for non-contingent cases of $250.00 per hour.  Based on the Oregon State Bar 2007 Economic Survey for all attorneys in Portland in private practice in the "other" category, the average hourly rate is $242.00 and the median hourly rate is $222.00, and for all Portland attorneys, the average hourly rate is $244.00 and the median hourly rate is $230.00.  Under a traditional lodestar approach, an effective hourly rate of $684.32 is nearly three times that range, even considering a statement in

6 - FINDINGS AND RECOMMENDATION

the January 7, 2011 issue of the OSB Bulletin on page 7 that billing rates increased 17% in the past two years.

However, the goal under § 406(b) is not to compensate attorneys strictly for time expended as under lodestar approach, but to compensate them commensurately with the results achieved. As Judge Papak posited, "a contingency fee award is disproportionately high where it disproportionately overcompensates for the pre-litigation risk of an unfavorable result." *Kovacevic v. Comm'r Soc. Sec. Admin.*, No. 05-CV-512-PK, 2010 WL 1406450, at *6 (D Or March 2, 2010). But, as he also acknowledges, this approach leaves open the questions of how to determine pre-litigation risk and how to avoid overcompensating that risk in order to avoid a windfall. To a claim that was significantly less risky than the average claim, Judge Papak applied a risk factor "potentially as high as 40%." *Id* at *7. Using $222.00 as the benchmark hourly rate, a 40% risk of winning results in a 2.5 multiplier (100/40) for an effective hourly of $555.00, which is still lower than the requested effective hourly rate requested here.

Plaintiff's attorneys argue that the risk of non-payment justifies a contingency multiplier of 2.92 based on a 34.24% chance of prevailing.[2] Applying this multiplier to the median hourly rate of $222.00 in the 2007 OSB Economic Survey results in $648.24 per hour, about the same as the effective hourly rate sought here. Alternatively, applying this multiplier to Mr. Graf's $250.00 hourly rate results in $730.00 per hour, significantly higher than the effective hourly rate sought here. However, this analysis fails to comply with *Crawford's* directive that the risk to be considered is that of the "specific case at issue" and not the lawyer's "overall success rate." Consideration of the success rate of social security appeals in general is inappropriate, and

---

[2] This calculation is based on fiscal year 2009 data from the Office of Disability Programs for disability determinations allowed, dismissed, remanded and denied at various levels of review. Plaintiff's Memorandum, Ex. 4 (32 NOSSCR Social Security Forum, No. 11, p. 5 (Nov. 2010)). However, this court questions the conclusion drawn from this data by plaintiff's attorneys.

plaintiff's attorneys have not presented any evidence as to their pre-litigation estimate of the risk of an unfavorable outcome in this specific case.

As an alternative justification for this high effective hourly rate, plaintiff's attorneys also point to the hourly rates of $519.90, $875.00, and $902.00, awarded in the three consolidated *Crawford* cases, all of which involved stipulated remands. However, those cases arose in southern California, not in Oregon, where attorneys generally charge much higher rates.

Nevertheless, this court concludes that an award of attorney fees equal to about 23% of the retroactive benefits, as requested, is not unreasonable in this case.

## RECOMMENDATION

Plaintiff's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 USC § 406(b) (docket # 28) should be GRANTED in the sum of $16,184.24 (about 23% of the retroactive benefits awarded) minus the EAJA fees of $4,066.74 previously paid, for a total of $12,117.50.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, April 30, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED April 13, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION