UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


SHAWN CALDWELL,                              Case No.: 3:10-cv-06039-ST

    Plaintiff,                               ORDER

v.

COMMISSIONER of Social Security,

    Defendant.

HAGGERTY, District Judge:

On February 16, 2011, this court entered a stipulated Judgment and Order of Remand, which remanded this case to the Commissioner for further proceedings. Following the remand, plaintiff was awarded benefits.

Plaintiff's counsel now moves for a fee award totaling approximately twenty-two percent of plaintiff's retroactive benefits. Magistrate Judge Stewart has issued a Findings and Recommendation [31] proposing that the fee request from plaintiff's counsel [28] be granted in its entirety, awarding counsel $16,184.24, which would be reduced to a net award of $12,117.50 after subtracting a prior fee award. Defendant has not filed any objections to the Findings and

1 -- ORDER

Recommendation, presumably because it lacks interest in this court's determination of how plaintiff's benefits should be apportioned after benefits are awarded. Nevertheless, this court has a duty to ensure that the fee award being sought is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). When no timely objection is filed, this court must still examine the record for clear error before adopting the recommendation of the Magistrate Judge. *Campbell v. United States District Court*, 501 F.2d 196 (9th Cir. 1974). For the following reasons, the Findings and Recommendation [31] is adopted in part.

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both a § 406(b) fee payment and a fee pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Here, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. This agreement is within the statutory limit.

2 -- ORDER

The next step is to confirm that the fee counsel seeks does not exceed § 406(b)'s twenty-five percent ceiling. Such a determination requires evidence of the retroactive benefits awarded to the claimant. According to the Notice of Award submitted by plaintiff's counsel, it appears that plaintiff received a total retroactive benefits award of $72,470.00. The requested fee in this case represents approximately twenty-two percent of plaintiff's total award.

Lastly, the court must ensure that the § 406(b) fee award is reasonable in this specific case. *Gisbrecht*, 535 U.S. at 807. Although the court is instructed to acknowledge the "primacy of attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected. *Id.* at 793, 807.

This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009). The burden rests with the plaintiff's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

The record in this case provides no basis for a reduction in the requested § 406(b) fee based on the character of counsel's representation, the results achieved, or any delays. Counsel received two extensions for filing the briefs on behalf of plaintiff, but it does not appear that the extensions were intended to improperly delay this case. Plaintiff's counsel also presented sound arguments in his briefing that resulted in a stipulated remand for further proceedings. Counsel,

3 -- ORDER

however, did nothing more after filing an Opening Brief, and this court entered the judgment based on the Commissioner's stipulated motion to remand. Although counsel achieved a successful result, this fact does not necessarily require a full fee award because "it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of 'making reasonableness determinations in a wide variety of contexts[.]'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *12 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 808).

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151; *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."). Counsel voluntarily reduced his requested fee in this case by a little over two percent, presumably based on the Commissioner's non-adversarial position after plaintiff filed his Opening Brief and the significant amount of retroactive benefits recovered. Counsel's voluntary reduction, however, is insufficient in light of the number of hours worked and the substantial amount of retroactive benefits. A further reduction is appropriate in this case to prevent the disproportionate loss of benefits to plaintiff and the unwarranted windfall to counsel. *See Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

Plaintiff's counsel worked 23.65 hours on the case, with only 18.65 hours spent on the Opening Brief and remand order. Because this was not a particularly complex case, the court accepts that counsel's hours are reasonable.

In support of his request for a full fee award, counsel explains that the average hourly rate for non-contingent cases in Oregon is between $230 and $244 per hour, that his non-contingent hourly rate for consultant work is $250 per hour, and that a "contingency multiplier" reflecting

4 -- ORDER

counsel's average risk in pursuing any social security case must be added to counsel's consultant rate to properly compensate him. This court agrees with the Magistrate Judge that "[c]onsideration of the success rate of social security appeals in general is inappropriate . . . ." Findings and Recommendation at 7. The Ninth Circuit has recently explained that this court must evaluate the complexity and risks of the *specific* case at issue, and cannot accept plaintiff's counsel's justifications for a fee award that refer to general policy considerations or the general risks involved in litigating social security cases. *Stokes v. Comm'r of Soc. Sec. Admin.*, No. 10–35628, 2011 WL 1749064, at *1 (9th Cir. May 9, 2011) (quoting *Crawford*, 586 F.3d at 1153).

Although the Magistrate Judge properly rejected plaintiff's counsel's arguments regarding the general risks of non-payment and comparisons to the hourly rates awarded to attorneys in California, she did not explain why counsel's requested fee was reasonable in this case. To the contrary, this court finds that counsel has not met his burden of demonstrating that a fee award of over twenty-two percent of plaintiff's benefits is reasonable.

The issues in this case were straight-forward, and counsel has presented no evidence that this matter was particularly risky or complex. The stipulated remand also appears to address only two of plaintiff's alleged errors. Additionally, despite counsel's comparison of his requested fee to the ones awarded for stipulated remands in *Crawford*, those attorneys reduced their fees "substantially from the allowable 25%." *Crawford*, 586 F.3d at 1145, 1152 (noting that counsel requested approximately fourteen to seventeen percent of the claimants' benefits). Counsel's minor fee reduction does not adequately remedy the disproportionate fee in comparison to the work actually performed in this case.

5 -- ORDER

After examining the docket, the briefing presented, and the hours claimed by counsel, this court concludes that counsel has made an adequate showing that a fee award of approximately fourteen percent of claimant's retroactive benefits is reasonable. This fee will reasonably compensate counsel for his work on this case, and will prevent a potential disproportionate loss of benefits to plaintiff and an unwarranted windfall to counsel. *See Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

## CONCLUSION

For the reasons stated, the Findings and Recommendation [31] is adopted in part, and plaintiff's counsel's Motion for Attorney Fees [28] is granted in part. Counsel is entitled to $10,145.74 in § 406(b) fees, representing approximately fourteen percent of plaintiff's retroactive benefits recovery. Counsel's previous EAJA fee award of $4,066.74 shall be deducted from his § 406(b) award, *see Gisbrecht*, 535 U.S. at 796, giving counsel a net award of $6,079.00.

IT IS SO ORDERED.

DATED this 14 day of May, 2012.

Ancer L. Haggerty
United States District Judge